## DAVIS v. WEST et al.
### No. 3985.

District Court, W. D. Missouri, W. D.
Nov. 8, 1947.

Sidney H. Goldsmith, of Kansas City, Mo., for plaintiff.

Ronald Shankland and Swofford, Jackson & Shankland, all of Kansas City, Mo., for defendant Tony George. ·

J. K. Owens, of Kansas City, Mo., for other defendants.

REEVES, District Judge.

It seems proper again to review the facts and the law appertaining to the status of Tony George, one of the defendants in the above case.

The evidence at the time the case was tried showed that Tony George did not enter the partnership until the transaction upon which this suit was brought had been consummated. It is true that he became active in the company before a check given by the purchaser of an automobile had cleared. However, such check was merely a part of the consideration and the transaction between the vendee of the automobile and the partnership had been conclud-ed when Tony George entered such partnership.

The basis of the suit is the alleged wrong perpetrated upon the vendee by Troostmour Motors in an overcharge for the automobile sold to a customer. Tony George did not participate in that transaction. At a later date, with one of the partners, he appeared on controversial facts and approved the acts of his partners in closing the deal before he became a partner. This in no way would bind him.

Diligent counsel for plaintiff has cited several cases in support of his contention. Among them is the very recent case of Brink v. Kansas City, 198 S.W.2d 710, loc. cit. 716, where the Missouri Supreme Court reiterated a doctrine with which every lawyer is familiar, as follows: "This cause is for money had and received. Such an action is founded 'upon the principle that no one ought unjustly to enrich himself at the expense of another, and it is maintainable in all cases where one person has received money or its equivalent under such circumstances that in equity and good conscience he ought not to retain it and, ex æquo et bono, it belongs to another.' "

There was no evidence that the defendant, Tony George, had personally received any part of the consideration paid by the customer. It is true that such consideration went into the partnership. It may be that if any part of it can be traced into the hands of Tony George, then an action might lie against him. There was no such proof in the instant case.

Again, counsel calls attention to the case of Backus v. Finkelstein, D.C., 23 F.2d 357, loc.cit. 365, where the district judge announced the familiar principle in referring to an assignee, as follows: "He assumed to receive property to which his assignors had no valid title. He took his share in the assets subject to all valid claims against the same. He was not shielded against such claims by recording acts or otherwise. On these grounds alone the property which he assumed to purchase is subject to the demands referred to." Again, the assets of the partnership are still liable for the wrong perpetrated by the partnership before the defendant George

became a partner. As indicated such assets, if they passed to his hands, may be traced into his hands and recovered. But there was no evidence in this case of such fact.

Counsel also calls attention to the case of Rogers v. Riessner, C.C., 30 F. 525, loc.cit. 530, as follows: "Another question made is as to the liability of the defendant Meier. He entered the firm just before or at the time when the royalties in question began to accrue. He enjoyed the benefit of the license as a partner in the firm, under the contract. He is not liable upon any express contract, but is liable upon the implied contract to pay for what he has had as a member of the firm, upon the terms upon which the firm had it." This opinion is squarely in point in support of the suggestion that the defendant George would only be accountable for what he had received from the firm, (not his salary) but as dividends arising from the proceeds of the wrongful transaction. It must be repeated that there was no evidence whatever that he had received any distribution of such assets. If it should be made to appear that the partnership had dissolved and that some of its assets have been distributed to the defendant George, then the plaintiff would have a right to pursue such assets in his hands.

Counsel calls attention to 47 C. J. § 587, p. 1028, relating to the subject of Liabilities of Incoming or Succeeding Partners. A pertinent portion of the text is as follows: " * * * and his acquisition of an interest in the partnership gives him merely a partner's interest in the partnership property subject to trusts, equities, charges, and liens existing against it." Other portions of the text show that, whereas the partnership assets might be liable, yet the incoming partner is not personally liable upon contracts made before he became a partner.

In view of the law, about which there can be no controversy, the court upon the evidence properly eliminated the defendant George as a party defendant. This does not preclude the plaintiff from finding out whether or not he received any of the proceeds of the transaction, and, if so, such assets might be pursued in his hands. It

should be further stated that no penalties should attach to a partner who had nothing to do with a transaction that was closed before he became a partner. The fact that he received into his hands a check which was part of the consideration does not involve him in any way with the transaction.

The motion to set aside the order discharging the defendant Tony George will be overruled.